## Case No. 12,705.

### SHANNON v. The ANGELIQUE.

[N. Y. Times, Jan. 7, 1856.]

District Court, D. New York.

COUNSEL FEES—ADMIRALTY—PAYMENT OUT OF FUND IN COURT.

[A libel was filed by a mortgage lienholder against the proceeds of a vessel sold under decree, in suits by material men, seamen, and others, general maritime lien creditors. Had the validity of the mortgage lien against the proceeds been established, it would have absorbed the total proceeds, leaving nothing to the general lien creditors. Held, that the counsel who successfully resisted the claim of the mortgagees was entitled to a fee out of the proceeds. Fee of $250 awarded.]

[Cited in Re Schwab, Case No. 12,498.]

In admiralty.

BY THE COURT (BETTS. District Judge). This is an application to the court, for a counsel fee out of the funds in court to the counsel who argued this cause in this court [Cases Nos. 12,483a and 12,483b], and on appeal to the circuit court [Case No. 12,483c]. It appears that 67 separate actions had been brought for various parties, raising, as between the parties, questions as to the right of priority of payment, and all of them antagonistic to a suit or proceeding by mortgagees who claimed a moiety of the proceeds of the ship. The matter contested in the two courts related chiefly to the claim of the mortgagees. The facts do not point specifically to any extraordinary labor or investigation imposed upon the counsel. other than what resulted from the procrastination of the

cause by circumstances not incident to its trial in either court. If such was incurred, it would naturally be compensated for by the particular party calling for it, and would be no equitable charge upon the common fund. The award by order of the court out of a fund, will necessarily be more restricted than would probably be claimed and admitted between counsel and the client, because the court cannot look to the circumstance of special predilection of the parties in selecting their advocate, or his position and rate of compensation, as between himself and private clients.

I think, accordingly, that a fee not exceeding $250 for all the services of the counsel, payable to him in that capacity by the conjoined suitors, may be properly allowed, and I shall direct that sum to be paid him.

[See note to Case No. 12,483b.]